# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

MITCHELL ROPER, et al.,

        Plaintiffs,

    v.                                   Case No. 09-C-154

OLD REPUBLIC INSURANCE CO., et al.,

        Defendants.

## DECISION AND ORDER

Last summer, Defendants Arby Construction and Ferrellgas engaged in arbitration proceedings to determine relative fault between themselves, and following the arbitrator's decision Plaintiffs requested the following documents from them: all documents produced in the arbitration; all transcripts and recordings of testimony produced in the arbitration; and a copy of the arbitrator's decision. Citing privilege, the Defendants refused to comply with the discovery request, and Plaintiffs have now moved to compel production of the documents.

Defendants assert that the documents sought are irrelevant and protected by a number of privileges. In advance of the arbitration, Defendants signed a joint defense agreement and agreed to share confidential and privileged materials between each other so that an arbitrator could determine relative fault between the two parties. This agreement was made with the understanding that the information disclosed would not lose any privileges and would not be subject to discovery by the Plaintiffs. The Defendants argue that this agreement to privately arbitrate a dispute between themselves entitles them to what is known as a "community of interest" privilege. As another court

in this district has noted, such a privilege arises "when clients with separate attorneys share otherwise privileged information for purposes of a common and coordinated claim or defense." *625 Milwaukee, LLC v. Switch & Data Facilities Co., LLC,* 2008 WL 582564, 2 (E.D. Wis. 2008). "[T]he community-of-interest privilege allows attorneys representing different clients with similar legal interests to share information without having to disclose it to others. It applies in civil and criminal litigation, and even in purely transactional contexts." *In re Teleglobe Communications Corp.,* 493 F.3d 345, 364 (3d Cir. 2007). As set forth in the Restatement, "If two or more clients with a common interest in a litigated or nonlitigated matter are represented by separate lawyers and they agree to exchange information concerning the matter, a communication of any such client that otherwise qualifies as privileged under §§ 68-72 that relates to the matter is privileged as against third persons. Any such client may invoke the privilege, unless it has been waived by the client who made the communication." Rest. (3d) of the Law Governing Lawyers § 76.

It is clear from the Restatement and the case law that the common interest privilege is not an independent privilege in its own right but an extension of existing privileges. In other words, if already privileged information is shared between commonly interested parties represented by counsel, the underlying privilege is not destroyed merely because the information is shared. But of course the mere fact that information is shared between parties with a common interest does not mean it is entitled to a privilege – the document must be protected by some other, independent, privilege.

Here, Plaintiffs seek the documents produced in the arbitration, the arbitration testimony, and the arbitration decision itself. The documents produced in the arbitration are not necessarily privileged, as Defendants recognize. But, as noted above, the mere fact of sharing the documents

among themselves does not destroy or waive any existing privileges the documents might enjoy, and some of them might indeed be privileged. Thus, although the Defendants do not seek to withhold the documents entirely, they do object to turning "all" of them over at this time. They have agreed to turn the nonprivileged documents over in the normal course of discovery, and that appears to be the best course of action at the moment. If Plaintiffs object to the withholding of specific documents on the grounds of privilege, they may raise the matter at that time. But for now, the fact that the documents were disclosed in the course of a private arbitration is not enough to require them all to be turned over to the Plaintiffs.

Defendants argue that the arbitration testimony should not be compelled because it is irrelevant to these proceedings and is further subject to work product and attorney-client privileges. They explain that, in assessing relative fault between themselves, certain depositions were required to be taken, and these depositions were deemed confidential between the parties. It is unclear, however, whether deposition testimony is afforded a privilege. It is not subject to the attorney-client privilege because the deponent is not communicating with his own attorney to obtain legal advice. And the testimony of witnesses is not itself the work product of an attorney, i.e., his impressions and thoughts about legal strategy or the like. Even so, under the umbrella of a common interest, the depositions could reflect the strategies the attorneys are considering – e.g., what kinds of questions they ask – and thus any disclosure of deposition transcripts conducted between parties with a common interest could conceivably be entitled to the work product privilege. That is beside the point, however, because I conclude the transcripts are not themselves discoverable evidence. As a district court in Washington found, "[t]he transcripts themselves are not facts, and Plaintiffs are free to depose the same witnesses regarding all factual issues relevant to this litigation." *Arkema*

3

*v. ASARCO,* 2006 WL 2254478, \*2 (W.D. Wash. 2006). The Defendants here were under no obligation to conduct arbitration proceedings or share confidential information between each other, and thus it does not follow from their doing so that the Plaintiffs should automatically be entitled to the fruits of their extra efforts. In a sense, the information sought is evidence *about* evidence – it is evidence the Defendants *created* during the course of this litigation – and thus it is not factual evidence of the underlying claim itself. Defendants have indicated that they will make the individuals available for deposition at the appropriate time, and thus there is little need for them to disclose their transcripts, particularly when doing so could tip off the Plaintiffs about any legal strategies the Defendants might pursue. In other words, I conclude that the fact that the Defendants undertook some internal discovery regarding a claim between themselves does not entitle the Plaintiffs a "sneak peek" at deposition transcripts when the same information may be disclosed to the Plaintiffs through the normal discovery process.

Finally, I conclude that a private arbitrator's decision is not fact evidence subject to discovery. Its disclosure could unwittingly reflect the attorneys' thoughts and impressions, but more fundamentally I conclude that when Defendants undertake confidential efforts to resolve a dispute between them, the mere fact of their doing so does not entitle the Plaintiffs to obtain the results of such efforts. As the Washington district court put it, "[b]ecause the arbitration in this case was in the common interests of the parties as they worked towards dividing environmental clean up costs, the parties maintained their common defense interests and the arbitration itself was essentially internal." *Arkema,* 2006 WL 2254478, \*2. Here, the arbitration and its attendant preparations were "essentially internal" – a private assessment between two defendants that no one ever intended to disclose to the Plaintiffs. Whether the arbitrator's decision is actually privileged or not is

4

immaterial because the decision is simply a legal conclusion about liability – it is not itself a "fact" that will be probative of or relevant to resolving any of the issues in this case. Ultimately, parties should be encouraged to undertake private efforts to settle disputes, and the disclosure to adverse parties of their efforts would *discourage* them from doing so in the first place. If Plaintiffs identify documents withheld that are relevant and not subject to any privilege, they may move to compel them on that basis. But the mere fact that the documents exist and have been shared between the Defendants is not, at this point, a basis for compelling disclosure.

Accordingly, the motion to compel is **DENIED**.

**SO ORDERED** this ____1st____ day of February, 2010.

s/ William C. Griesbach
William C. Griesbach
United States District Judge

5